**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**BOBBY WILSON**                                                          **PLAINTIFF**

**V.**                          **NO. 3:26-cv-00195-JM-ERE**

**DALE COOK,** *et al.*                                          **DEFENDANTS**

### ORDER

*Pro se* plaintiff Bobby Wilson, a pre-trial detainee at the Mississippi County

Detention Facility ("Detention Facility"), filed this 42 U.S.C. § 1983 case on behalf

of himself, Tyler Marsh, and Andy Stallings. *Doc. 2*. Mr. Wilson may pursue his

claims in this lawsuit. However, Mr. Marsh and Mr. Stallings must pursue their

claims in separate lawsuits.

This Order identifies problems in Mr. Wilson's complaint and gives him the

opportunity to file an amended complaint. I will postpone the screening process to

allow Mr. Wilson time to file an amended complaint clarifying his constitutional

claims.[1] If Mr. Wilson fails to file an amended complaint, I will screen the original

complaint, which will likely result in the dismissal of his claims and this case.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints
seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The
Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are
legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c)
seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).
When making this determination, the Court must accept as true the factual allegations contained
in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

## I.    Complaint Deficiencies

### A.    Complaint Allegations

Mr. Wilson's complaint alleges that the conditions of his confinement are unconstitutional. Specifically, he explains that: (1) the cell walls are covered in black mold; (2) the water is not clean; (3) Detention Facility officials have refused to provide inmates cleaning supplies; (4) certain cells contain human waste; (5) Detention Facility official refuse to allow inmates to participate in outdoor recreation; and (6) the tables are rusted. Mr. Wilson explains that he has notified Sheriff Dale Cook, Captain McCullum, and Jail Administrator Heyley Hooton about these conditions, but they have failed to address his concerns. He sues these Defendants in both their individual and official capacities seeking money damages.

### B.    Conditions of Confinement

Because Mr. Wilson is a pre-trial detainee, his conditions of confinement claims are analyzed under the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020). Under that standard, the government may lawfully detain a defendant before trial and subject him to jail restrictions and conditions, "so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Stearns*, 957 F.3d at 907 (quoting *Bell*, 441 U.S. at 536–

37). Where a plaintiff does not demonstrate an express intent to punish, he or she must show that "the conditions of confinement were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Id*. (quoting *Bell*, 441 U.S. at 538-39).

Here, it is unclear whether Mr. Wilson alleges that the conditions he experienced at the Detention Center were intentionally punitive. To state a plausible claim that his constitutional rights were violated, Mr. Wilson must provide additional facts regarding the conditions of his confinement, including what conditions he was personally exposed to, how long he has been exposed to these conditions, and what injury he suffered as a result of these alleged conditions.

### C.    Official Capacity Claims

Under the law, Mr. Wilson's official capacity claims are treated as claims against Mississippi County. See *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009). Mississippi County cannot be held vicariously liable under § 1983 for the acts of its employees. *Id.* at 800-01 (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95 (1978)).

Although not automatically legally responsible for constitutional violations committed by employees, Mississippi County can face § 1983 liability when its own policies, customs, or practices cause constitutional deprivations. *Brewington v.*

*Keener*, 902 F.3d 796, 801-02 (8th Cir. 2018); *Corwin v. City of Independence, Missouri*, 829 F.3d 695, 699-700 (8th Cir. 2016). But the complaint contains no allegations suggesting that a Mississippi County policy, practice or custom caused the alleged unconstitutional conditions As a result, the current complaint fails to state a plausible official capacity claim that can survive screening.

## II.   Guidelines for Filing Amended Complaint

Mr. Wilson has thirty days to file an amended complaint. If Mr. Wilson files an amended complaint, he should: (1) identify and name as a Defendant each individual who violated his constitutional rights; (2) describe what conditions he was personally exposed to; (3) state how long he has been exposed to those alleged conditions; and (4) explain what injury he suffered as a result of each Defendant's conduct.

Mr. Wilson's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Wilson should make sure that his amended complaint includes all allegations relevant to any claim he wants to pursue in this lawsuit. Mr. Wilson should not rely upon, or incorporate by reference, any allegations made in the original complaint. In other words, Mr. Wilson's amended complaint, if filed, will stand alone.

Finally, in his amended complaint, Mr. Wilson need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

### III.  Conclusion

For the reasons explained above,

IT IS THEREFORE ORDERED THAT:

1.    Mr. Wilson may file an amended complaint within thirty (30) days of the entry of this Order.

2.    If Mr. Wilson fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal, without prejudice, the claims raised in this case.

3.    The Clerk is instructed to provide Mr. Wilson a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

So Ordered 13 July 2026.

_____
UNITED STATES MAGISTRATE JUDGE

5