**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**BOBBY WILSON** **PLAINTIFF**

**V.** **NO. 3:26-cv-00195-JM-ERE**

**DALE COOK, *et al.*** **DEFENDANTS**

# RECOMMENDED DISPOSITION

## I. Procedure for Filing Objections

This Recommended Disposition ("RD") has been sent to United States District Judge James M. Moody, Jr. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections must be specific, include the factual or legal basis for the objection, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

## II. Background

*Pro se* plaintiff Bobby Wilson, a pre-trial detainee at the Mississippi County Detention Facility ("Detention Facility"), filed this 42 U.S.C. § 1983 case on behalf of himself, Tyler Marsh, and Andy Stallings. *Doc. 2*. Pursuant to Court policy governing multi-plaintiff prisoner cases, the Court directed the Clerk's office to open three separate cases. See *Marsh v. Cook, et al.*, No. 3:26-cv-196-JM (closed Aug. 17, 2026) and *Stallings v. Cook, et al.*, No. 3:26-cv-197-JM (closed Aug. 17, 2026).

On July 13, 2026, I entered an Order explaining why Mr. Wilson's original complaint was deficient but giving him the opportunity to file an amended complaint. *Doc. 4*.

To date, Mr. Wilson has not filed an amended complaint, and the time to do so has passed. As a result, I will screen Mr. Wilson's original complaint, as required by 28 U.S.C. § 1915A.

## III. <u>Discussion</u>

### A. Standard

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). Factual allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause

of action." *Id.* at 555. Legal conclusions couched as factual allegations may be disregarded. See *Iqbal*, 556 U.S. at 679.

**B. Complaint Allegations**

Mr. Wilson's complaint alleges that the conditions of his confinement are unconstitutional. Specifically, he explains that: (1) the cell walls and ceilings are covered in black mold; (2) the water is not clean; (3) Detention Facility officials have refused to provide inmates cleaning supplies; (4) certain cells contain human waste; (5) Detention Facility officials refuse to allow inmates to participate in outdoor recreation; and (6) the tables are rusted. Mr. Wilson explains that he has notified Sheriff Dale Cook, Captain McCullum, and Jail Administrator Heyley Hooton about these conditions by submitting grievances and sending letters, but they have failed to respond. He sues these Defendants in both their individual and official capacities seeking money damages.

**C. Conditions of Confinement**

As previously explained, because Mr. Wilson is a pre-trial detainee, his conditions of confinement claims are analyzed under the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020). Under that standard, the government may lawfully detain a defendant before trial and subject him to jail restrictions and conditions, "so long as those conditions and restrictions do not

amount to punishment, or otherwise violate the Constitution." *Stearns*, 957 F.3d at 907 (quoting *Bell*, 441 U.S. at 536–37). Where a plaintiff does not demonstrate an express intent to punish, he or she must show that "the conditions of confinement were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Id*. (quoting *Bell*, 441 U.S. at 538-39). "If conditions are found to be arbitrary or excessive, it is permissible to "infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees." *Id*. (quoting *Bell*, 441 U.S. at 539). Whether the conditions of pretrial detention are punitive, and therefore unconstitutional, depends on the totality of the circumstances, including the duration of the allegedly harsh conditions. *Stearns*, 957 F.3d at 909.

Here, Mr. Wilson fails to allege that any named Defendant demonstrated an express intent to punish. In addition, because Mr. Wilson fails to explain what conditions he was personally exposed to, how long he was exposed to those conditions, and what injury he suffered as a result of the alleged conditions, the complaint cannot be read to plausibly allege that he endured arbitrary or excessive conditions during his confinement.

Both the Eighth Circuit Court of Appeals and another court in this District have held that conditions worse than those alleged here passed constitutional muster. See *Goldman v. Forbus*, 17 Fed. Appx. 487, 488 (8th Cir. 2001) (unpublished

opinion) (six nights sleeping on the floor and being sprinkled with urine was not a constitutional violation); *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (no constitutional violation when a pretrial detainee was exposed to raw sewage for four days); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1995) (four days without clothes, mattress, running water, bedding, mail, hot food, and hygienic supplies was not a constitutional violation); *White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993) (eleven days in an unsanitary cell did not amount to a constitutional violation); *Pillow v. Ryals*, No. 4:20-cv-00222-DPM-JTR, 2020 WL 6445917 at *3 (E.D. Ark. Nov. 3, 2020) ("six-day exposure to disgusting smells from an overflowing toilet, twenty-nine days without hot water in the sinks in his cell, exposure to water into his bunk from a leaking window when it rained, which required him to occasionally sleep on the floor, and a leaking sink" failed to establish a constitutional violation).

**D. Personal Liability**

In addition, although Mr. Wilson contends that he submitted grievances and sent letters regarding these conditions, his complaint fails to allege facts to show how any individual Defendant personally participated in unconstitutional conduct or was directly responsible for a constitutional violation. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007).

To the extent that Mr. Wilson seeks to hold any supervisory Defendant liable for the actions of his or her subordinates, such a claim cannot survive screening. Established law holds that a supervisor may not be held vicariously liable under § 1983 for the constitutional violations of a subordinate. *Ashcroft*, 556 U.S. at 676 (holding that "vicarious liability is inapplicable to . . . § 1983 suits"); *Saylor v. Nebraska*, 812 F.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts").

**E. Official Capacity Claims**

Mr. Wilson's official capacity claims are treated as claims against Mississippi County. See *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Jenkins v. Cnty. of Hennepin*, *Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009). Mississippi County cannot be held vicariously liable for the alleged unconstitutional acts of its employees. *Id.* at 800-01 (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95 (1978)).

Although not automatically legally responsible for constitutional violations committed by employees, Mississippi County can face § 1983 liability when its own policies, customs, or practices cause constitutional deprivations. *Brewington v.*

*Keener*, 902 F.3d 796, 801-02 (8th Cir. 2018); *Corwin v. City of Independence, Missouri*, 829 F.3d 695, 699-700 (8th Cir. 2016). But the complaint pleads no facts to suggest that a Mississippi County policy, practice, or custom caused the alleged unconstitutional conditions. As a result, Mr. Wilson's complaint fails to state a plausible official capacity claim that can survive screening.

## IV. **Conclusion**

For the reasons explained above,

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Wilson's complaint be DISMISSED, without prejudice, for failure to state a plausible constitutional claim for relief.

2. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. The Clerk be directed to close this case.

DATED 8 September 2026.

UNITED STATES MAGISTRATE JUDGE